# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| ROBERT WHALEY, | * |
| | *   No. 16-192V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: December 20, 2017 |
| | * |
| SECRETARY OF HEALTH | *   Attorneys' fees and costs, waiver |
| AND HUMAN SERVICES, | * |
| | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * | * |

Ronald C. Homer and Christina Ciampolillo, Conway, Homer, P.C., Boston, MA, for petitioner;
Lisa A. Watts, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Robert Whaley filed a motion for attorneys' fees and costs. Mr. Whaley is awarded the full amount of his request, **$40,595.05**.

\*   \*   \*

On February 8, 2016, Mr. Whaley filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34, alleging the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on or about October 15,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

2014, caused him to develop chronic inflammatory demyelinating polyneuropathy and/or Anti-MAG neuropathy.  The undersigned issued a decision awarding compensation to Mr. Whaley based on the parties' stipulation.  <u>Decision</u>, 2017 WL 401264 (January 4, 2017).

With the merits of Mr. Whaley's case resolved, the parties addressed attorneys' fees and costs.

Mr. Whaley filed the instant motion for attorneys' fees and costs requesting $19,292.50 in fees, $4,922.60 in costs, and $410.55 in costs personally incurred.  The total amount requested was $24,625.65.  The Secretary filed a response to Mr. Whaley's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed Apr. 21, 2017, at 2.  With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  <u>Id.</u> at 3.

On May 9, 2017, Mr. Whaley filed additional information regarding work performed by paralegals on the case in compliance with <u>Floyd v. Sec'y of Health & Human Servs.</u>, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) (instructing the law firm to identify paralegals and provide some information about their qualifications and experience).  On May 25, 2017, an order invited the Secretary to respond to the information Mr. Whaley had provided about the paralegals.  However, the Secretary did not respond.

On July 21, 2017, an order presented some information about paralegal rates in Boston, Massachusetts and Washington, District of Columbia.  The order permitted Mr. Whaley to address prevailing rates for paralegals in those two locations.

Mr. Whaley filed his response on August 21, 2017, and cited several cases from both locations.  In conjunction with Mr. Whaley's response, he filed a motion for supplemental attorneys' fees, requesting $15,969.40.

\*     \*     \*

Because Mr. Whaley received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

While Mr. Whaley's motions for attorneys' fees and costs were pending, the undersigned found that the Secretary has waived any objections to the amount of

fees requested.  Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017).[2]  Accordingly, the undersigned makes no finding regarding the reasonableness of the paralegal rates in this case. Instead, absent any objections, Mr. Whaley's request for attorneys' fees and costs is GRANTED IN FULL.

The total amount award is $40,595.05.  This shall be paid as follows:

1. **The amount of $40,184.50 in the form of a check made payable to petitioner and petitioner's attorney, Ronald C. Homer.**

2. **The amount of $410.55 in the form of a check made payable to the petitioner alone.**

These amounts represent reimbursement for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.